IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JACOBE HOLLINGSWORTH,<br><br>　　　　　　　　　Defendant. | 8:22–CR–46<br><br>ORDER |

　　　　This matter is before the Court on Defendant Jacobe Hollingsworth's Consent Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 44. On November 16, 2022, the undersigned sentenced the Defendant to be imprisoned for a term of 14 months on Count I and 60 months on Count IV, to be served consecutively. Filing 41 at 2. Count I charged the Defendant with possession with intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2. Filing 1 at 1. Count IV charged the Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). The parties now propose that based on retroactive application of Amendment 821 to the United States Sentencing Guidelines, this Court should reduce the Defendant's sentence as to Count I. Filing 44. Specifically, the parties contend that a reduced sentence of 12 months and one day is appropriate and have entered into a stipulation to this effect. Filing 45. At the request of the Defendant, the Court held a hearing to address this matter. Filing 47; Filing 51 (Text Minute Entry). During this hearing, the Court heard argument on the matter from both counsel for the Defendant and counsel for the Government. After considering the matters discussed at the hearing along with pertinent portions of the record in this case, the Court will deny the Defendant's Consent Motion because the relevant factors set forth in 18 U.S.C. § 3553(a) do not support the requested reduction, notwithstanding his eligibility for a reduction.

While the Court recognizes that the parties have reached an agreed upon sentence reduction that they believe is appropriate, the Court is not required to accept their stipulation. *Cf. United States v. Ingram*, 91 F.4th 1271, 1273 (8th Cir. 2024) ("The court did not err in declining to accept the parties' sentencing recommendation"). Nor is the Court bound to resentence a defendant within his amended guideline range based on retroactive application of the United States Sentencing Guidelines—even if the defendant is eligible for such a reduction. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (noting that while the defendant "was eligible for a reduction, § 3582(c)(2) does not create a right to it" and that a "district court has discretion to determine whether a reduction is warranted"); *see also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (stating that a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction" is reviewed "for an abuse of discretion"). This is consistent with the discretionary nature of the United States Sentencing Guidelines. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)).

The Court has considered all of the arguments raised by the parties, and—even though it did not necessarily have to—held a hearing to allow the parties an opportunity to present any additional matters in support of their positions. *See United States v. Rodriguez*, 807 F. App'x 592, 593 (8th Cir. 2020) ("No defendant is entitled to a sentencing reduction, so due process requirements are generally not implicated because no new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged") (cleaned up). Having done so, the Court is still unconvinced that a sentencing reduction is appropriate in

this case after considering all factors outlined under 18 U.S.C. § 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of Mr. Hollingsworth. *See* 18 U.S.C. § 3553(a)(1)–(2). The Court has also considered the seriousness of the conduct, the need to promote respect for the law, and the need to provide just punishment for the conduct at issue. *See* 18 U.S.C. § 3553(a)(2)(A). Collective consideration of these factors along with other relevant portions of the record leads the Court to conclude that the originally imposed sentence of 14 months on Count I remains appropriate.

Pursuant to Mr. Hollingsworth's Rule 11(c)(1)(C) plea agreement, the Court had no discretion in the amount of incarceration it could impose at the time he was sentenced. *See* Filing 29 at 4 (providing that "the defendant shall be sentenced to 14 months of imprisonment as to Count 1 and 60 months of imprisonment as to Count 4, to run consecutively for a total sentence of 74 months of imprisonment"). In accepting the Rule 11(c)(1)(C) plea agreement, the Court was willing to sentence the Defendant to a term as low as 14 months; but that does not mean it believed a lower sentence was appropriate under the § 3553(a) factors. The parties' stipulation to a reduced sentence of 12 months and one day might reflect what they believe is appropriate today, yet "[t]here is nothing illogical about a district court concluding that the broadly stated § 3553(a) sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guideline determinants . . . has been amended." *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *accord United States v. Bradford*, 697 F. App'x 479, 481 (8th Cir. 2017) (per curiam).

The Court concludes that although Hollingsworth is eligible for a reduced sentence, the originally imposed sentence of 14 months remains appropriate—particularly given the Defendant's prior offenses—including multiple drug offenses—that are reflected in his

Presentence Investigation Report. Filing 38 at 8–10. Based upon the Court's assessment of this particular case and the circumstances that are unique to it, the Court finds that even though the Defendant is eligible for a sentencing reduction, the § 3553(a) factors do not support such a reduction in this particular defendant's case. Accordingly,

IT IS ORDERED: The Defendant's Consent Motion for a Reduced Sentence, Filing 44 and its accompanying Stipulation, Filing 45, are denied. The Defendant's sentence remains unchanged.

Dated this 24th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge